# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1379

_____

Contitech USA, Inc.

*Plaintiff - Appellee*

v.

McLaughlin Freight Services, Inc.; Dan McLaughlin, individually

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: December 14, 2023
Filed: January 25, 2024

_____

Before SMITH, Chief Judge, GRUENDER and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

McLaughlin Freight Services, Inc., and Dan McLaughlin (collectively, "McLaughlin") appeal the district court's[1] post-trial order. We affirm.

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

# I.

Contitech USA, Inc., a division of tire manufacturer Continental AG, contracted with McLaughlin, a trucking company, to deliver rubber from one of Contitech's facilities in Lincoln, Nebraska, to another facility in Mt. Pleasant, Iowa. For this work, Contitech and McLaughlin agreed on a predetermined fee schedule. The fee schedule included a base rate and a much higher "rounder" rate, which required pre-approval from Contitech. These rounder rates were to cover the costs of sending an empty truck to Lincoln to pick up an additional load if Contitech needed rubber at Mt. Pleasant but there were no available trucks near Lincoln. To get paid, McLaughlin would submit bills to a third-party administrator that managed Contitech's freight-shipping payments. Over three years, McLaughlin submitted 645 unapproved "rounder" bills to the third-party payments administrator, using fraudulent emails that purported to show pre-approval from Contitech.

Contitech eventually discovered McLaughlin's scheme and sued it for fraud, unjust enrichment, and breach of contract. Based on Contitech's self-help measures in the aftermath of its discovery, McLaughlin counterclaimed for fraud, unjust enrichment, and breach of contract. Both parties' fraud and unjust enrichment claims went to trial. During deliberation, the jury expressed concern about the possibility of double recovery. In response, the district court, with the consent of the parties, told the jury that the court would remit any awards to prevent double recovery. The jury then awarded Contitech $436,130.72 in damages on its fraud claim and the same amount on its unjust-enrichment claim. It also awarded McLaughlin $266,471.59 in compensatory damages and $14,088.51 in punitive damages on its fraud claim and likewise awarded $266,471.59 to McLaughlin on its unjust-enrichment claim.

After the verdict, McLaughlin filed two motions. The first, a renewed motion for judgment as a matter of law, requested that the court set aside the jury's verdict on Contitech's fraud and unjust-enrichment claims for insufficient evidence, or in the alternative, that the court remit Contitech's damages award based on insufficient

evidence. The second, a motion to amend the judgment, argued that the court should award McLaughlin pre- and post-judgment interest. Contitech did not file any substantive post-trial motions. The district court denied McLaughlin's renewed motion for judgment as a matter of law, remitted Contitech's damages award to the extent necessary to prevent double recovery, and granted McLaughlin's motion for pre- and post-judgment interest. The district court likewise remitted McLaughlin's damages award against Contitech to prevent double recovery and awarded Contitech pre- and post-judgment interest, despite the fact that Contitech did not request this relief. McLaughlin appeals.

## II.

McLaughlin argues that the district court erred by 1) denying its motion for judgment as a matter of law on Contitech's fraud and unjust-enrichment claims; 2) not further remitting Contitech's damages award; and 3) remitting McLaughlin's damages award to prevent double recovery and awarding Contitech pre- and post-judgment interest in the absence of a motion from Contitech. We address these arguments in turn.

## A.

"In reviewing the district court's denial of judgment as a matter of law *de novo*, we view the facts in the light most favorable to the verdict, including facts necessary to the issues on appeal." *CRST Expedited, Inc. v. Swift Transportation Co. of Arizona*, 8 F.4th 690, 697 (8th Cir. 2021). "Judgment as a matter of law is granted only if a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Christensen v. Titan Distribution, Inc.*, 481 F.3d 1085, 1092 (8th Cir. 2007) (internal quotation marks omitted). "We apply the same standards as the district court, giving the nonmoving party all reasonable inferences and viewing the facts in the light most favorable to the nonmoving party." *Id.* "If conflicting inferences reasonably can be

drawn from evidence, the jury is in the best position to determine which inference is correct." *Id.* (internal quotation marks omitted).

We first consider McLaughlin's motion for judgment as a matter of law on Contitech's fraud claim. In Iowa, a party bringing a fraud claim must prove:

> (1) the defendant made a representation to the plaintiff, (2) the representation was false, (3) the representation was material, (4) the defendant knew the representation was false, (5) the defendant intended to deceive the plaintiff, (6) the plaintiff acted in justifiable reliance on the truth of the representation, (7) the representation was a proximate cause of the plaintiff's damages, and (8) the amount of damages.

*Dier v. Peters*, 815 N.W.2d 1, 7 (Iowa 2012). Each element of the claim must be proved "by a preponderance of clear, satisfactory, and convincing proof." *Lloyd v. Drake Univ.*, 686 N.W.2d 225, 233 (Iowa 2004) (internal quotation marks omitted). McLaughlin claims that Contitech failed to prove proximate cause and damages, because Contitech allegedly failed to demonstrate that it would have paid less for trucking services in the absence of McLaughlin's fraudulent scheme. *See Robinson v. Perpetual Servs. Corp.*, 412 N.W.2d 562, 567 (Iowa 1987) (explaining that to show proximate cause, defendant's fault must be both the "but for" cause and a "substantial factor" in bringing about the harm); *Midwest Home Distrib., Inc. v. Domco Indus. Ltd.*, 585 N.W.2d 735, 739 (Iowa 1998) (explaining that Iowa recognizes both out-of-pocket damages and benefit-of-the-bargain damages in fraud cases); *id.* ("[T]he benefit-of-the-bargain rule and the causation analysis are inextricably intertwined.").

According to McLaughlin, it was economically impossible to haul rubber at the contractual base rate. To support this point, it notes that Contitech did not introduce evidence that another trucking company would have hauled rubber at the base rate or at any rate. Thus, McLaughlin argues, Contitech did not suffer any damages—and even if it did, McLaughlin's fraudulent scheme was not the but-for cause of any loss to Contitech.

However, under Iowa law "a defrauding defendant will not be heard to say that its intentional misrepresentations were not the cause of any damages to the plaintiff because the plaintiff was not out anything." *Midwest Home*, 585 N.W.2d at 739; *see also Dier*, 815 N.W.2d at 13 n.5 (collecting cases). Moreover, "a factfinder" may "find a causal connection between the misrepresentations and the injury by holding the defendant to what it has represented to the plaintiff." *Midwest Home*, 585 N.W.2d at 739. Here, McLaughlin represented to Contitech that it would deliver rubber at the contractual base rate unless it had pre-approval to charge a rounder rate. "Examined in this fashion, the jury's verdict on proximate cause and damages makes sense." *Id.* at 742. It is undisputed that McLaughlin submitted fraudulent approval emails to receive rounder payments when Contitech believed it was paying, and had only authorized, the base rates. The difference between the contractual base rate and the actual billed amount was $436,130.72. A reasonable jury could have found that, in order to prevent McLaughlin from benefiting from its fraud, the proper remedy was to award Contitech the benefit of the bargain it struck with McLaughlin.

We next turn to McLaughlin's motion for judgment as a matter of law on Contitech's unjust-enrichment claim. Unjust enrichment in Iowa is "a broad principle with few limitations," "rooted in the principle that one party should not be unjustly enriched at the expense of another party." *Endress v. Iowa Dep't of Hum. Servs.*, 944 N.W.2d 71, 80 (Iowa 2020). "Recovery based on unjust enrichment can be distilled into three basic elements . . . (1) defendant was enriched by the receipt of a benefit; (2) the enrichment was at the expense of the plaintiff; and (3) it is unjust to allow the defendant to retain the benefit under the circumstances." *State, Dep't of Hum. Servs. ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154-55 (Iowa 2001). In short, Contitech needs "merely to prove that [McLaughlin] has received money which in equity and good conscience belongs to [Contitech]." *See Iconco v. Jensen Const. Co.*, 622 F.2d 1291, 1295 (8th Cir. 1980) (summarizing Iowa unjust enrichment law).

McLaughlin argues that it was not unjustly enriched by charging a rounder rate because at least some of the trips it charged as rounders were in fact rounder trips. According to McLaughlin, it was merely paid for the actual work it performed. But even assuming that some of these trips were actually rounders, under the contract as negotiated, McLaughlin could not charge rounder rates without pre-approval from Contitech. McLaughlin's falsification of emails to hide its lack of pre-approval cost Contitech a total of $436,130.72 over the contractual base rate.[2] In this situation, where "conflicting inferences reasonably can be drawn from evidence, the jury is in the best position to determine which inference is correct." *Christensen*, 481 F.3d at 1092 (internal quotation marks omitted). In light of the broad principles of unjust enrichment and the evidence presented, a reasonable jury could have found that $436,130.72 was the amount of money McLaughlin "received . . . which in equity and good conscience belongs" to Contitech. *See Iconco*, 622 F.2d at 1295.

A reasonable jury could have found for Contitech on the fraud and unjust-enrichment counts in the amount of $436,130.72. The district court thus did not err in denying McLaughlin's motion for judgment as a matter of law on both counts.

B.

We next turn to McLaughlin's argument that the district court abused its discretion in not further remitting Contitech's unjust-enrichment award to a much smaller amount. However, the district court already remitted Contitech's unjust-enrichment award to $0, stating that Contitech's $436,130.72 recovery is based only on its fraud claim. McLaughlin's argument is thus moot, and we decline to address it.

---

[2]McLaughlin also argues in a footnote that the district court erred in allowing Contitech to submit the audit log of its freight charges as evidence. "We generally review evidentiary rulings for clear abuse of discretion . . ." *Chism v. CNH America LLC*, 638 F.3d 637, 640 (8th Cir. 2011). The district court did not abuse its discretion in admitting the audit log as summary evidence. *See* Fed. R. Evid. 1006; *United States v. Boesen*, 541 F.3d 838, 848 (8th Cir. 2008).

C.

Lastly, we turn to McLaughlin's argument that, in the absence of a motion from Contitech, the district court erred in *sua sponte* remitting McLaughlin's damages award to prevent double recovery and in awarding Contitech pre- and post-judgment interest.

Because Contitech did not move for remittitur of McLaughlin's damages award, McLaughlin argues that the district court had no authority to alter the jury's verdict to prevent double recovery. Remittitur orders will "not be disturbed in the absence of a clear abuse of discretion," and "the trial court's determination [will] be given considerable deference." *Ouachita Nat. Bank v. Tosco Corp.*, 686 F.2d 1291, 1295 (8th Cir. 1982). We have previously affirmed a district court's *sua sponte* remittitur, *see Stephens v. Crown Equip. Corp.*, 22 F.3d 832, 837 (8th Cir. 1994), and it is well established that "[a]lthough a party is entitled to proceed on various theories of recovery, a party is not entitled to collect multiple awards for the same injury," *EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 742 (8th Cir. 2000). It is undisputed that the jury's verdict provided double recovery for each party. It is also undisputed that the parties agreed that the district court could modify any verdict to prevent double recovery. Thus, the district court did not err in reducing each party's award.

Similarly, we have already held that "a failure to request postjudgment interest is not fatal to a prevailing party's entitlement to such interest," because "[p]ostjudgment interest is mandatory under 28 U.S.C. § 1961 . . . and should therefore be awarded" regardless of whether the district court orders it. *Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh*, 735 F.3d 993, 1007-08 (8th Cir. 2013); *Hillside Enters v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995) (affirming award of post-judgment interest although it was not requested).

Likewise, "[t]he decision to award or deny prejudgment interest will be upheld unless the district court abuses its discretion." *E.E.O.C. v. Rath Packing Co.*,

787 F.2d 318, 333 (8th Cir. 1986).  The district court did not abuse its discretion in granting pre-judgment interest to Contitech, because Contitech requested this relief in its complaint.  *See Hillside Enters*, 69 F.3d at 1416 (upholding award of pre-judgment interest where party "asserted its right to prejudgment interest" "in its prayer for relief on its counterclaim").

## III.

For the foregoing reasons, we affirm the judgment of the district court.

_____